_____

No. 96-1142
_____

Mourad Abu Remileh,          *
                             *
          Petitioner,        *
                             *   On Petition for Review of an
     v.                      *   Order of the Immigration and
                             *   Naturalization Service.
Immigration and Naturalization  *
Service,                     *   [UNPUBLISHED]
                             *
          Respondent.        *
_____

Submitted:  October 25, 1996

Filed:  October 30, 1996
_____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.
_____


PER CURIAM.


     Mourad Abu Remileh, a Palestinian in the United States on a
nonimmigrant student visa, petitions for review of an order adopting an
administrative law judge's summary judgment that Remileh violated 8 U.S.C.
§ 1324c(a)(2).  We deny the petition.


     Section 1324c provides for the assessment of civil penalties against
individuals who knowingly engage in acts of document fraud for the purpose
of satisfying any requirement of the Immigration and Nationality Act, 8
U.S.C. §§ 1101-1524 (1994).  The regulations implementing the Act require
employers physically to examine documents verifying a new employee's
identity and eligibility to work in the United States.  8 C.F.R.
§ 274a.2(b)(ii) (1996); see 8 U.S.C. § 1324a.  Conversely, to be legally
employed in the United States, an alien must be authorized to work and must
provide valid documents to an employer to verify eligibility.  See 8 C.F.R.

§ 274a.12.

The Immigration and Naturalization Service (INS) alleged Remileh violated 8 U.S.C. § 1324c(a)(2) by using the birth certificate of his cousin, a United States citizen, to obtain employment at a Minnesota amusement park. Remileh admitted he applied for the job using his cousin's name, and used his cousin's name and social security number on the INS employment eligibility verification form, which Remileh completed before starting work. On the same form, Remileh also swore he is a United States citizen. Although the form states certain verifying documents must be provided, Remileh did not present the documents when he signed the form and his employer did not immediately request them. Instead, when Remileh went to the payroll office for his first paycheck two weeks after starting his job, Remileh's employer asked for documentation. In response, Remileh brought in his cousin's birth certificate, which Remileh had altered to reflect his own birth date.

In this petition for review, Remileh contends summary judgment was inappropriate because there is a genuine issue of material fact about his intended purpose in presenting the altered birth certificate. Remileh claims that because the immigration law requires employers to review verifying documents within three days after an employee starts work, Remileh did not know his employer wanted the birth certificate to confirm his eligibility for employment, and thus, it is unclear Remileh presented the false birth certificate for the purpose of verifying his eligibility.

We conclude there is no genuine issue of material fact precluding summary judgment. The mere existence of some alleged factual dispute does not defeat summary judgment if the dispute is not "genuine," meaning a reasonable jury could not find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment should not be denied simply because

issues of motive or intent are involved.  Meister v. Georgia-Pacific Corp., 43 F.3d 1154, 1159 (7th Cir. 1995).

In this case, a reasonable jury could only conclude Remileh knew his employer wanted the documentation for immigration purposes and presented the altered birth certificate to verify his eligibility to work in the United States.  The employer's two-week delay in asking for documentation does not matter under the circumstances.  Even if Remileh's motive for adopting his cousin's identity only at his job was Remileh's fear of the Islamic fundamentalist group Hamas, Remileh's reason for showing the altered birth certificate to his employer was to verify his eligibility to work.

We deny Remileh's petition for review.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.